**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| **IN RE: AQUEOUS FILM-FORMING** | ) | MDL No. 2:18-mn-2873-RMG |
| **FOAMS PRODUCTS LIABILITY** | ) | |
| **LITIGATION** | ) | **ORDER** |
| | ) | |
| | ) | **This Order Relates to:** |
| | ) | **2:25-cv-09667** |
| | ) | **2:25-cv-11216** |
| | ) | **2:25-cv-12190** |
| | ) | **2:25-cv-12193** |

Before the Court are numerous motions to withdraw. (Dkt. Nos. 8430, 8431, 8497, 8504, 8508, 8509, 8510, 8511, 8512, 8513, 8514, 8525, 8526, 8527, 8528, 8529, 8530, 8531, 8537, 8538, 8540). Each motion acknowledges impending deadlines CMO 35 imposes. The Court denies the motions.

Once cases are consolidated under the umbrella of an MDL court's pretrial jurisdiction, "the court's express and inherent powers enable the judge to exercise extensive supervision and control [over the] litigation." Fed. Judicial Ctr., Manual for Complex Litigation, Fourth § 10.1 (2004). The Fourth Circuit recognizes a district court's "broad discretion in coordinating and administering multi-district litigation." *In re Showa Denko K.K. L-Tryptophan Prods. Liab. Litig.-II*, 953 F.2d 162, 165 (4th Cir. 1992); *Id*. ("The multiplicity of suits requires that the district court be allowed to combine procedures, appoint lead counsel, recognize steering committees of lawyers, limit and manage discovery, etc. to minimize expense to all litigants and to provide judicial efficiency."). Considering the interests and obligations CMO 35 carefully balanced and imposed on all parties to this MDL, the Court **DENIES** the indicated motions, the granting of

1

which would undermine CMO 35 and leave countless plaintiffs and cases rudderless at a critical

juncture in this litigation.

      **AND IT IS SO ORDERED.**

s/Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 11, 2025
Charleston, South Carolina